IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PUCKETT, | No. C 19-5865 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondents / | |

Petitioner is currently facing criminal proceedings in San Francisco County Superior Court. He filed a petition for a writ of habeas corpus and motions for injunctive relief arguing that his constitutional rights to due process, to a speedy trial, to a fair prosecutor, and to effective representation by counsel are being violated. He seeks to "freeze" the criminal proceedings, remove the prosecutor and judge, and to be released from custody.

A federal court has authority to entertain a petition for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced. *McNeely v. Blanas,* 336 F.3d 822, 824 n.1 (9th Cir. 2003). Such a person brings his petition under 28 U.S.C. § 2241(c)(3). *Ibid.*

The petition must be dismissed and the motions for injunctive relief must be denied because principles of federalism and comity require that a federal court abstain until all state criminal proceedings are completed and petitioner exhausts available judicial state remedies to the California appellate and supreme courts. *See Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); *see also United States ex rel. Goodman v. Kehl*, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must first exhaust state remedies). The dismissal of these claims is without prejudice to petitioner filing them in federal court after his trial court proceedings have

concluded, and she has presented her claims through all available state court appeals.

For the foregoing reasons, the petition for a writ of habeas corpus is **DISMISSED** without prejudice, and the motions for injunctive relief, for appointment of counsel, and for the State to pay transcripts are **DENIED**.

No certificate of appealability is warranted in this case because a reasonable jurist would not find the dismissal of this petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 13, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE